UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARIA I. ROMAN,                                    :    Index No. 150446/11

                          Plaintiff,               :    **NOTICE OF REMOVAL**

          -against-                                :

SPRINT NEXTEL CORPORATION, NEXTEL OF             :
NEW YORK, INC., HTC CORPORATION, HTC            :
AMERICA HOLDING, INC., HTC AMERICA, INC.        :
and HTC AMERICA INNOVATION, INC.,               :

                          Defendants.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**F I L E D**

JAN 13 2012

**USDC WP SDNY**

**12 CV 0276**

JUDGE MARRERO

**TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:**

        The defendant, HTC CORPORATION, hereby seeks removal of this action from the

Supreme Court of the State of New York, County of New York to the United States

District Court for the Southern District of New York, and respectfully sets forth the

following to this Honorable Court:

        **FIRST:**  That the defendant, HTC CORPORATION, is a direct defendant in a civil

action brought against it in the Supreme Court of the State of New York, County of New

York entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARIA I. ROMAN,               :    Index No. 150446/11

            Plaintiff,      :

       -against-       :

SPRINT NEXTEL CORPORATION, NEXTEL OF  :
NEW YORK, INC., HTC CORPORATION, HTC    :
AMERICA HOLDING, INC., HTC AMERICA, INC.  :
and HTC AMERICA INNOVATION, INC.,    :

         Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Copies of the Summons and Verified Complaint in this action are annexed hereto as Exhibit "A" and made a part hereof.

**SECOND:** That upon information and belief, this action was commenced by the filing of the Summons and Complaint with the Clerk of the County of New York on or about October 21, 2011. Less than thirty (30) days have elapsed since the last defendant, HTC CORPORATION, has been served with the plaintiff's initial pleadings herein.

**THIRD:** That defendant, SPRINT SPECTRUM L.P. incorrectly sued herein as SPRINT NEXTEL CORPORATION and NEXTEL OF NEW YORK, INC. (hereinafter referred to as

2

"SPRINT"), is a foreign limited partnership organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Kansas. Defendant, SPRINT, is being represented by the law offices of Haworth Coleman & Gerstman, LLC, 45 Broadway, 21st Floor, New York, New York 10006, who consent to the removal of this action to the United States District Court for the Southern District of New York. Defendant, SPRINT, has appeared in the action by the service of a Verified Answer to the Complaint on or about December 23, 2011. A copy of defendant, SPRINT's Verified Answer is annexed hereto as Exhibit "B" and made a part thereof.

**FOURTH:** That the defendant, HTC CORPORATION, is a corporation organized under the laws of the Country of Taiwan and maintains its principal place of business in Taiwan. Said defendant, by counsel, was served with the Summons and Complaint on or about December 21, 2011. A copy of the Statement of Service by Mail and Acknowledgment of Receipt by Mail of Summons and Complaint is annexed hereto as Exhibit "C" and made a part thereof.

**FIFTH:** That the defendant, HTC AMERICA HOLDING, INC. incorrectly sued herein as HTC AMERICA HOLDING INC., is a corporation organized under the laws of the State of Washington and maintains its principal place of business in the State of Washington. Said defendant appeared in the action by service of a Verified Answer to the Complaint

3

on or about December 16, 2011. A copy of the Verified Answer is annexed hereto **as** Exhibit "D" and made a part thereof.

**SIXTH:** That the defendant, HTC AMERICA, INC., is a corporation organized under the laws of the State of Washington and maintains its principal place of business in the State of Washington. Said defendant appeared in the action by service of a Verified Answer to the Complaint on or about December 16, 2011. See, Exhibit "D" herein.

**SEVENTH:** That the defendant, HTC AMERICA INNOVATION, INC., is a corporation organized under the laws of the State of Washington and maintains its principal place of business in the State of Washington. Said defendant appeared in the action by service of a Verified Answer to the Complaint on or about December 16, 2011. See, Exhibit "D" herein.

**EIGHTH:** That this action is one over which the Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which **may** be removed to this Court by the defendant, HTC CORPORATION, pursuant to the provisions of Title 28 United States Code, Section 1441, in that it is a civil action brought in a Supreme Court against a foreign corporation whose Country of incorporation and

4

principal place of business is located outside of the State of New York by a citizen who resides within the State of New York and the matter in controversy, upon information and belief, exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**WHEREFORE,** the defendant, HTC CORPORATION, respectfully prays that the above-entitled action now pending against it in the Supreme Court of the State of New York, County of New York be removed therefrom to this Honorable Court.

Dated: White Plains, New York
       January 13, 2012

                    Yours, etc.,

                    Thomas F. Cerussi (TC-8676)
                    A Member of the Firm of
                    Attorneys for Defendants
                    HTC CORPORATION, HTC AMERICA HOLDING,
                    INC. incorrectly s/h/a HTC AMERICA HOLDING
                    INC., HTC AMERICA, INC. and HTC AMERICA
                    INNOVATION, INC.
                    One North Lexington Avenue
                    White Plains, New York 10601-1700
                    Tel. No. (914) 948-1200

TO:    ERLANGER LAW FIRM PLLC
        Attorneys for Plaintiff
        122 East 42nd Street, Suite 518
        New York, New York 10168
        Tel. No. (212) 686-8045

HAWORTH COLEMAN & GERSTMAN, LLC
Attorneys for Defendant
SPRINT SPECTRUM L.P. incorrectly s/h/a
SPRINT NEXTEL CORPORATION
and NEXTEL OF NEW YORK, INC.
45 Broadway, 21st Floor
New York, New York  10006
Tel. No. (212) 952-1100

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

MARIA I. ROMAN,

                Plaintiff,

   -against-

SPRINT NEXTEL CORPORATION, NEXTEL OF NEW
YORK, INC., HTC CORPORATION, HTC AMERICA
HOLDING INC., HTC AMERICA, INC., and HTC
AMERICA INNOVATION, INC.,

                Defendants.

-----------------------------------------------------------------x

Index No. *15044/11*

This summons was filed
on October 21, 2011

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action

and to serve a copy of your answer on the undersigned within twenty (20) days of service of this

summons, exclusive of the day of service, or within thirty (30) days after service is complete, if

the summons is not served on you within New York State. In case of your failure to answer,

judgment will be taken against you by default for the relief demanded in the Complaint.

      The basis of the venue designated is plaintiff's residence.

Dated: New York, New York
       October 21, 2011

                     ERLANGER LAW FIRM PLLC
                     Attorneys for Plaintiff

                     By: s/ Robert K. Erlanger
                          Robert K. Erlanger

                     122 East 42 Street, Suite 518
                     New York, New York 10168
                     (212) 686-8045
                     rke@erlangerlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

MARIA I. ROMAN,

      Plaintiff,

   -against-

SPRINT NEXTEL CORPORATION, NEXTEL OF NEW
YORK, INC., HTC CORPORATION, HTC AMERICA
HOLDING INC., HTC AMERICA, INC., and HTC
AMERICA INNOVATION, INC.,

      Defendants.
-------------------------------------------------------------------x

Index No. 150 446/11

**VERIFIED COMPLAINT**

   Plaintiff MARIA I. ROMAN, through her attorneys, the Erlanger Law Firm PLLC, as and

for a Complaint against defendants, alleges as follows:

### THE PARTIES

 1. Plaintiff is a resident of New York County.

 2. Defendant Sprint Nextel Corporation ("Sprint") was incorporated in Kansas.

 3. Defendant Nextel of New York, Inc. ("Nextel") was incorporated in Delaware and is

authorized to do business in New York.

 4. Sprint and Nextel provide wireless mobile phone service and purchase, market,

distribute and sell mobile phones manufactured and distributed by HTC Corporation, HTC

America Holding Inc., HTC America, Inc., and HTC America Innovation, Inc. (referred to

collectively as the "HTC defendants") for use by consumers.

 5. Defendant HTC Corporation is an entity organized under the laws of Taiwan.

 6. HTC Corporation is engaged in the research, development, manufacture, distribution,

and marketing of mobile phones, including the EVO 4G mobile phone ("cell phone").

1

7.  Defendant HTC America Holding Inc. was incorporated in Washington.

8.  HTC America Holding Inc., upon information and belief, is engaged in the distribution and marketing of HTC mobile phones in the United States, including the cell phone.

9.  Defendant HTC America, Inc. was incorporated in Washington and is authorized to do business in New York.

10.  HTC America, Inc. is engaged in the distribution and marketing of HTC mobile phones in the United States, including the cell phone.

11.  Defendant HTC America Innovation, Inc. was incorporated in Washington and is authorized to do business in New York.

12.  HTC America Innovation, Inc., upon information and belief, is engaged in the research, development, manufacture, distribution, and marketing of HTC mobile phones in the United States, including the cell phone.

13.  At all times relevant in this Verified Complaint, the HTC defendants manufactured, promoted, distributed, and sold for profit the cell phone for consumer use.

14.  At all times relevant in this Verified Complaint, Sprint and Nextel promoted, distributed and sold for profit the cell phone through interstate commerce, including in New York County.

15.  Defendants conduct and transact business in New York and New York County, have committed tortuous acts within New York, and have otherwise performed acts within and/or without the State giving rise to injuries and losses within the state, which acts subject each defendant to the jurisdiction of the New York courts.

2

## COMPLAINT

16.  Plaintiff purchased the cell phone from Sprint/Nextel.

17.  On October 2, 2010, plaintiff was traveling by bus from North Carolina to her home in New York. After briefly speaking on the cell phone in North Carolina, she turned it off and placed it under her camisole. Plaintiff fell asleep with the cell phone screen against her left breast for several hours.

18.  Plaintiff did not know that a turned off but not powered down cell phone (hereinafter referred to as an "idle" cell phone) continues to emit microwave radiation.

19.  Plaintiff did not know that an idle cell phone would subject her to exposure from substantial microwave radiation over time as the cell phone continuously searched for base stations as it moved from reception cell to reception cell during her trip.

20.  Neither the cell phone packaging nor the accompanying manual contained any instruction, advisory or warning that an idle cell phone continues to emit microwave radiation.

21.  Neither the cell phone packaging nor the accompanying manual contained any instruction, advisory or warning that an idle cell phone emits substantial microwave radiation over time as it continues to search for base stations while it travels between cell reception areas.

22.  Plaintiff was not aware that an idle cell phone should not be placed against her skin.

23.  Neither the cell phone packaging nor the accompanying manual contained any advisory or warning that an idle cell phone should not be placed against the skin and certainly not for an extended period of time.

24.  After plaintiff awoke, she discovered that the cell phone was stuck to her skin.

25.  After removing the cell phone and returning home, plaintiff felt sensitivity, pain and

3

burning in her left breast. Later, after the sensitivity, pain and burning had intensified, she realized that she had suffered a bad burn from the cell phone.

26. Prior to her using the cell phone, plaintiff was a fit and healthy woman, physically and emotionally.

27. As a consequence of her use and handling of the cell phone, which she believed to be safe given the lack of any instruction, advisory or warning from defendants, plaintiff suffered second degree burns, scaring, numbness and constant neurological pain as well as emotional distress.

28. One or more of the exceptions under CPLR 1602 apply to defendants.

29. The amount of damages sought by plaintiff exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIRST COUNT
(Strict Products Liability)

30. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 29 as if more fully set forth herein.

31. Since they have been manufacturing and marketing cell phones, defendants have known that idle cell phones continue to emit microwave radiation. They have also been aware that: (1) microwave radiation emissions increase in strength as cell phones "roam" for reception cells and (2) the duration of microwave radiation emissions increase while cell phones are traveling between cell coverage areas or cell phones remain in areas with marginal cell coverage.

32. Defendants are aware that the distance between a cell phone and user makes a dramatic difference in the body area exposed to microwave radiation.

4

33.  Defendants are aware that type of tissue exposed to microwave radiation dramatically affects its penetration into the body.

34.  Plaintiff purchased the cell phone from Sprint/Nextel and used and handled it as intended and in a reasonably foreseeable manner.

35.  At a minimum, defendants could foresee that plaintiff's using and handling the idle cell phone as she did could result in physical injury.

36.  Even if plaintiff had not used the idle cell phone as intended, such unintended use was reasonably foreseeable.

37.  Defendants were obligated to place instructions, advisories and warnings in the cell phone's packaging and/or manual that were accurate, clear and consistent.  As to accuracy, the instructions, advisories and warnings, had they been place in the packaging and/or manual, would have had to have been correct, fully descriptive and complete and conveyed updated information as to all of the cell phone's known and foreseeable dangers.

38.  The cell phone was defective and not safe for its intended and reasonably foreseeable use in that the packaging and/or manual failed to instruct, advise or warn of the danger, latent or otherwise, of exposure to  microwave radiation from an idle cell phone.

39.  The cell phone was defective and not safe for unintended but reasonably foreseeable use in that the packaging and/or manual failed to instruct and warn of the dangers, latent or otherwise, of exposure from constant microwave radiation from an idle cell phone and a traveling idle cell phone.

40.  The cell phone was defective and not safe for its intended and reasonably foreseeable use in that its packaging and/or manual failed to instruct and warn of the dangers,

5

latent or otherwise, of placing an idle cell phone against the skin, particularly for a prolonged period of time.

41. Defendants placed other warnings in the cell phone manual that are in shaded boxes. One warning, concerning a leaking battery, is accompanied by a yellow triangle signaling caution. It would have cost defendants "pennies" to add adequate warnings to the cell phone packaging and/or manual that would have eliminated or substantially diminished the risk of the dangers that caused plaintiff's injuries.

42. A reasonable person, who knew of the idle cell phone's potential for causing plaintiff's injuries, would have concluded that it was not safe for use as intended and reasonably foreseeable and that it should not have been manufactured, marketed, and sold without adequate instructions, advisories and warnings, much less no instructions, advisories, or warnings at all.

43. Defendants knew that the cell phone's packaging and labeling would reach and be used by plaintiff without substantial change from or alteration to the condition in which they were originally manufactured, marketed, and sold.

44. Defendants' sale of the defective cell phone to plaintiff was a substantial factor in causing her injuries, including skin and nerve damage and a degradation in the quality of her life.

45. By reason of the foregoing, defendants are liable to plaintiff.

46. Plaintiff is further entitled to punitive damages because defendants' conduct was wanton, reckless, and/or in conscious disregard of plaintiff's rights.

6

## AS AND FOR A SECOND COUNT
(Negligence)

47.  Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 46 as if more fully set forth herein.

48.  Defendants had a duty to plaintiff to use reasonable care in the packaging and labeling of the cell phone so it would be reasonably safe for its intended and foreseeable uses. This duty included giving plaintiff adequate warning of any known or foreseeable danger that defendants should have known of in the exercise of ordinarily care.

49.  Defendants knew or should have known about the dangers of prolonged microwave radiation to the skin and underlying nerves from an idle cell phone.

50.  Despite their knowledge that an idle cell phone would be continuously emitting microwave radiation, subjecting cell phone users to a prolonged, unsafe and dangerous condition, and that it was foreseeable that plaintiff would place the idle cell phone close to her body for a prolonged period of time, defendants failed to provide instructions, advisories or warnings to plaintiff.

51.  Defendants' conduct was a breach of their duty to plaintiff.

52.  A reasonable person who knew of the idle cell phone's potential for causing injury would have concluded that its packaging and manual should not have been manufactured, marketed or sold without adequate instructions, advisories and/or warnings.  Defendants' acts and omissions were a substantial cause of plaintiff's injuries and damages.

53.  Plaintiff is further entitled to punitive damages as defendants' conduct was additionally wanton, reckless, and/or in conscious disregard of her rights.

7

## AS AND FOR A THIRD COUNT
(Breach of Implied Warranty)

54.   Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 53 as if more fully set forth herein.

55.   The law implies a warranty that a cell phone placed on the market will be reasonably fit for the ordinary purposes for which it is to be used.

56.   If a cell phone placed on the market is not reasonably fit for the ordinary purposes for which it is used, all of the companies in the chain of distribution will be held liable for breach of the implied warranty.

57.   The cell phone was not reasonably fit for ordinary use, and accordingly, defendants breached the implied warranty.

58.   As the result of defendants' breach of the implied warranty, plaintiff suffered consequential damages including physical and emotional injuries.

59.   Defendants' breach of the implied warranty was a substantial cause of plaintiff's injuries.

60.   Defendants' disclaimer of the implied warranty is of no legal consequence.

WHEREFORE, plaintiff Maria I. Roman demands judgment against all defendants for compensatory and punitive damages, in amounts to be proved at trial, and that she be awarded reasonable attorneys' fees, costs, and such other and further relief as may be deemed just and proper.

8

Dated: New York, New York
August 31, 2011

ERLANGER LAW FIRM PLLC
Attorneys for Plaintiff Maria I. Roman

By: s/ Robert K. Erlanger
    Robert K. Erlanger

122 East 42 Street, Suite 518
New York, New York 10168
(212) 686-8045
rke@erlangerlaw.com

## VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

MARIA I. ROMAN, being duly sworn, deposes and says:

I am plaintiff and have read and know the contents of Paragraphs 16 through 27 of this

Complaint, which are true to my own knowledge, except as to matters alleged upon information

and belief, and as to those matters, I believe them to be true.

_Maria I. Roman_
Maria I. Roman

Sworn and subscribed
to before me on this
3/1 day of August, 2011

_signature_
Notary Public

ROBERT K. ERLANGER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02ER6028081
Qualified in New York County
My Commission Expires July 19, 2013

9

SUPREME COURT OF STATE OF NEW YORK
COUNTY OF NEW YORK
Index No. *150446/11*

MARIA I. ROMAN,

Plaintiff,
-against-

SPRINT NEXTEL CORPORATION, NEXTEL OF NEW YORK, INC.
HTC CORPORATION, HTC AMERICA HOLDING INC.,
HTC AMERICA, INC., and HTC AMERICA INNOVATION INC.,

Defendants.

## SUMMONS and VERIFIED COMPLAINT

**ERLANGER LAW FIRM PLLC**
Attorneys for Plaintiff Maria I. Roman
122 East 42 Street, Suite 518
New York, New York 10168
Tel. (212) 686-8045

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
MARIA I. ROMAN,

                                Plaintiff,       Index No.: 150446/11

          -against-

                                              **VERIFIED ANSWER**

SPRINT NEXTEL CORPORATION, NEXTEL
OF NEW YORK, INC., HTC CORPORATION,
HTC AMERICA HOLDING INC., HTC
AMERICA, INC., and HTC AMERICA
INNOVATION, INC.,

                            Defendants.
-------------------------------------------------------X

       Defendant SPRINT SPECTRUM L.P. i/s/h as "SPRINT NEXTEL CORPORATION and NEXTEL OF NEW YORK, INC." ("Sprint"), by and through its attorneys, HAWORTH COLEMAN & GERSTMAN, LLC, as and for its Verified Answer to plaintiff Maria I. Roman's Verified Complaint, respectfully sets forth the following upon information and belief:

## ANSWERING THE PARTIES

       1.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "1," "5," "6," "7," "8," "9," "10," "11," "12" and "13" of the plaintiff's Verified Complaint.

       2.      Admits that Nextel of New York, Inc. is incorporated in Delaware and transacts business in New York and denies the remaining allegations contained paragraph "3" of the plaintiff's Verified Complaint.

       3.      Denies the allegations contained in paragraphs "4," "14," and "15" of the plaintiff's Verified Complaint.

## ANSWERING THE COMPLAINT

4.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "16," "17," and "26" of the plaintiff's Verified Complaint.

5.      Denies each and every allegation contained in paragraphs "18," "19," "20," "21," "22," "23," "24," "25," "27," "28" and "29" of the plaintiff's Verified Complaint.

## ANSWERING THE FIRST COUNT

6.      Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "30" of the plaintiff's Verified Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "31," "32," "33," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45" and "46" of the plaintiff's Verified Complaint.

## ANSWERING THE SECOND COUNT

8.      Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "47" of the plaintiff's Verified Complaint.

9.      Denies each and every allegation contained in paragraphs "48," "49," "50," "51," 52" and "53" of the plaintiff's Verified Complaint.

## ANSWERING THE THIRD COUNT

10.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph "54" of the plaintiff's Verified Complaint.

11.    Denies each and every allegation contained in paragraphs "55," "56," "57," "58," "59" and "60" of the plaintiff's Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

In accordance with CPLR Article 16, the liability of this answering defendant if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against any defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That by entering into the activity in which plaintiff was engaged at the time of the occurrence, she knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof.    Whatever injuries and damages were

3

sustained by plaintiff arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in said activities and such risks were assumed and accepted by plaintiff in performing and engaging in said activities.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages plaintiff may have sustained were caused in whole or in part by contributory negligence and/or culpable conduct of the plaintiff, with no contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

This answering defendant alleges that other parties, whether named or unnamed in the Verified Complaint, and whether known or presently unknown to this answering defendant, were negligent or legally responsible or otherwise at fault for the damages alleged. Therefore, this answering defendant requests that in the event any party recovers against this answering defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or the jury as to all parties. This answering defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the subject product was manufactured or sold by this answering defendant, plaintiff's claims are barred because the product was substantially altered after it left this answering defendant's possession and control.

4

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This answering defendant was not served in accordance with the provisions of the Civil Practice Law and Rules and the Court therefore lacks jurisdiction over the person of this answering defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

One or more of plaintiff's causes of action are time-barred pursuant to the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon a balancing of risk-utility factors.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any injuries and damages sustained by plaintiff were the result of the misuse and/or abuse of the aforesaid product by plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any and all acts performed and products manufactured and/or distributed by this answering defendant were at all times relevant hereto in conformity with the state of the art for the manufacture, design, testing, labeling and promotion of similar products.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This answering defendant denies that any defect existed in the subject product.

5

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to give this answering defendant notice of any claimed breach of warranty, including a failure to give the notice set forth in Uniform Commercial Code, Section 2-607(e).

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

This answering defendant made no warranty, express or implied, to plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of breach of express warranty and breach of implied warranty are barred because there was no privity with this answering defendant.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because neither plaintiff, nor co-defendants relied on the warranty, if any.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

In the event plaintiff alleges this answering defendant failed to warn of known or knowable risks inherent in the use of the subject product, these claims are governed by the "learned intermediary" rule or doctrine.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

This answering defendant asserts that all of plaintiff's claims are barred or diminished because of the failure of plaintiff or other parties or non-parties to preserve evidence.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a cause of action cognizable in law or equity against this answering defendant, and must therefore, be dismissed.

6

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

This answering defendant asserts that it intends to rely upon such other defenses as may be available or apparent during discovery and hereby reserve its right to amend its Verified Answer to plead said defenses.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant is entitled to judgment as a matter of law based upon spoliation of evidence.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS HTC CORPORATION, HTC AMERICA HOLDING, INC. S/H/A HTC AMERICA HOLDING INC., HTC AMERICA, INC. AND HTC AMERICA INNOVATION INC., SPRINT ALLEGES:

1.     Sprint repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2.     If and in the event that plaintiff sustained the injuries and damages complained of, such injuries and damages were caused entirely by reason of the negligence, carelessness, recklessness, breach of contract and/or violations of law of co-defendants, there being no active or primary wrongdoing on the part of Sprint contributing thereto.

3.     By reason of the foregoing, Sprint is entitled to full indemnity from, and for judgment over and against, all co-defendants for all of any verdict or judgment entered against Sprint, together with attorneys' fees and expenses incurred by Sprint.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS HTC CORPORATION, HTC AMERICA HOLDING, INC. S/H/A HTC AMERICA HOLDING INC., HTC AMERICA, INC. AND HTC AMERICA INNOVATION INC., SPRINT ALLEGES:

1.     Sprint repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2.     That in the event plaintiff sustained the injuries and damages complained of, such injuries were caused in whole or in part by reason of the negligence, carelessness, recklessness, breach of contract, and violations of law of co-defendants, without any wrongdoing on the part of Sprint contributing thereto.

3.     That in the event any judgment or verdict is recovered against Sprint, Sprint is entitled to contribution from and to judgment over and against co-defendants equal to the proportionate share of responsibility as is adjudged among all co-defendants herein.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANTS HTC CORPORATION, HTC AMERICA HOLDING, INC. S/H/A HTC AMERICA HOLDING INC., HTC AMERICA, INC. AND HTC AMERICA INNOVATION INC., SPRINT ALLEGES:

1.     Sprint repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2.     That Sprint entered into a lease and/or contractual agreement(s) with co-defendants that governed the situation alleged in the Verified Complaint.

3.     That Sprint complied with all of its obligations pursuant to the lease and/or contractual agreement(s).

4.      That the lease and/or contractual agreement(s) obligated co-defendants to procure insurance on Sprint's behalf.

5.      That in the event plaintiff sustained the injuries and/or damages complained of, such injuries and/or damages were caused in whole or in part by reason of the negligence, careless, recklessness, breach of contract, and/or violations of law of co-defendants without any wrongdoing on the part of Sprint contributing thereto.

6.      By reason of the foregoing, co-defendants and/or their insurance carriers are contractually obligated to defend and indemnify Sprint herein.

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANTS HTC CORPORATION, HTC AMERICA HOLDING, INC. S/H/A HTC AMERICA HOLDING INC., HTC AMERICA, INC. AND HTC AMERICA INNOVATION INC., SPRINT ALLEGES:**

1.      Sprint repeats and reiterates each and every allegation and denial hereinbefore made with the same force and effect as if they were set forth at length herein.

2.      That Sprint entered into a lease and/or contractual agreement(s) with co-defendants.

3.      That Sprint complied with all of its obligations pursuant to the lease and/or contractual agreement(s).

4.      That the lease and/or contractual agreement(s) obligated co-defendants to defend, indemnify and hold harmless Sprint herein, and further obligated co-defendants to reimburse Sprint for all attorneys' fees, costs and disbursements incurred in the defense of this matter.

5.      That in the event plaintiff sustained the injuries and/or damages complained of, such injuries and/or damages were caused in whole or in part by reason

9

of the negligence, careless, recklessness, breach of contract, and/or violations of law of co-defendants without any wrongdoing on the part of Sprint contributing thereto.

6.    By reason of the foregoing, Sprint is entitled to full defense and indemnity from, and judgment over, co-defendants, along with all attorneys' fees, costs and disbursements Sprint has incurred in the defense of this matter.

**WHEREFORE,** Sprint demands judgment dismissing plaintiff's Verified Complaint as against Sprint, together with attorneys' fees, costs and disbursements of this action, and as to the cross-claims alleged against co-defendants, full indemnity and defense and/or contribution to the fullest extent permitted by law, along with attorneys' fees, costs and disbursements of this action.

Dated:    New York, New York
          December 23, 2011

Yours, etc.,

HAWORTH COLEMAN & GERSTMAN, LLC

Abigail Bowen
45 Broadway, 21st Floor
New York, New York 10006
Telephone: (212) 952-1100
Facsimile: (212) 952-1110
Attorneys for defendant
Sprint Spectrum L.P. i/s/h as "Sprint Nextel Corporation and Nextel of New York, Inc."

To:

Robert K. Erlanger, Esq.
Erlanger Law Firm, PLLC
122 East 42nd Street, Suite 518
New York, New York 10168
(212) 686-8045
Attorney for Plaintiff

10

Thomas F. Cerussi, Esq.
Cerussi & Spring, P.C.
One North Lexington Avenue
White Plains, New York 10601
(914) 948-1200
Attorneys for defendants HTC American
Holding, Inc., HTC America, Inc., and
HTC America Innovation, Inc.

## **ATTORNEY'S VERIFICATION**

Abigail Bowen affirms the following statements to be true under the penalty of perjury pursuant to CPLR § 2106:

That I am an associate with the firm of HAWORTH COLEMAN & GERSTMAN, LLC, attorneys for defendant SPRINT SPECTRUM L.P. i/s/h as "SPRINT NEXTEL CORPORATION and NEXTEL OF NEW YORK, INC."

That I have read the foregoing document and know the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters she believes them to be true.

That the reason why this affirmation is being made by your deponent and not by said defendant is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of her belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated:   New York, New York
         December 23, 2011

_Abigail Bowen_
          Abigail Bowen

12

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

MARIA I. ROMAN,

                  Plaintiff,

    -against-

SPRINT NEXTEL CORPORATION, NEXTEL OF NEW
YORK, INC., HTC CORPORATION, HTC AMERICA
HOLDING INC., HTC AMERICA, INC., and HTC
AMERICA INNOVATION, INC.,

                  Defendants.

------------------------------------------------------------------x

Index No.  150446/11

STATEMENT OF SERVICE BY
MAIL AND ACKNOWLEDGMENT
OF RECEIPT BY MAIL OF
SUMMONS AND COMPLAINT

## A. <u>STATEMENT OF SERVICE BY MAIL</u>

To:   HTC CORPORATION
      c/o Cerussi & Spring, P.C.
      One North Lexington Avenue, 6th floor
      White Plains, New York 10601-1700

      The enclosed summons and complaint is served pursuant to section 312-a of the Civil
Practice Law and Rules.

      To avoid being charged with the expense of service upon you, you must sign, date and
complete the acknowledgment part of this form and mail or deliver one copy of the completed
form to the sender within thirty (30) days from the date you receive it.  You should keep a copy
for your records or your attorney.  If you wish to consult an attorney, you should do so as soon as
possible before the thirty (30) days expire.

      If you do not complete and return the form to the sender within thirty (30) days, you (or
the party on whose behalf you are being served) will be required to pay expenses incurred in
serving the summons and notice in any other manner permitted by law, and the cost of such
service as permitted by law will be entered as a judgment against you.

      If you have received a complaint with this statement, the return of this statement and
acknowledgment does not relieve you of the necessity to answer the complaint.  The time to
answer expires twenty (20) days after the day you mail or deliver this form to the sender.  If you
wish to consult with an attorney, you should do so as soon as possible before the twenty (20)
days expire.

      If you are served on behalf of a corporation, unincorporated association, partnership or
other entity, you must indicate under your signature your relationship to the entity.  If you are

served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or make a false entry on this statement or on the acknowledgment.

## B.  ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I received a summons and notice in the above-captioned matter at: <u>Cerussi & Spring, P.C.,</u> <u>One North Lexington Avenue, White Plains, New York  10601.</u>

### CHECK ONE OF THE FOLLOWING:

IF "2" BELOW IS CHECKED, COMPLETE AS INDICATED:

1. ___x___      I am not in military service.

2. _____      I am in military service, and my rank and branch of service are as follows:

_____
Rank

_____
Branch of Service

### TO BE COMPLETED REGARDLESS OF MILITARY STATUS

Date:   <u>December 21, 2011</u>

I affirm the above as true under penalty of perjury.

Signature

<u>Thomas F. Cerussi</u>
Print name

<u>HTC Corporation</u>
Name of Defendant for which acting


Position with Defendant for which acting (i.e., officer, attorney, etc.)


<s>Attorney, Of Counsel</s>

### PLEASE COMPLETE ALL BLANKS INCLUDING DATES

Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

MARIA I. ROMAN,                   :     Index No. 150446/11

              Plaintiff,       :     **VERIFIED ANSWER**

         -against-          :

                                    :

SPRINT NEXTEL CORPORATION, NEXTEL OF
NEW YORK, INC., HTC CORPORATION, HTC     :
AMERICA HOLDING, INC., HTC AMERICA, INC.
and HTC AMERICA INNOVATION, INC.,       :

              Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       The defendants, HTC AMERICA HOLDING, INC. incorrectly s/h/a HTC AMERICA

HOLDING INC., HTC AMERICA, INC. and HTC AMERICA INNOVATION, INC., by and

through their attorneys, CERUSSI & SPRING, as and for their verified answer to the

plaintiff's complaint, allege as follows:

### AS TO THE PARTIES

       FIRST:       Deny knowledge or information sufficient to form a belief as to

each and every allegation contained in paragraphs numbered "1", "2", "3", "5", "6" and

"14" of the complaint herein.

SECOND:     Deny each and every allegation contained in paragraphs numbered "4", "12" and "13" of the complaint herein.

THIRD:     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "7" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court except admit that defendant, HTC AMERICA HOLDING, INC., is a corporation organized under the laws of the State of Washington.

FOURTH:     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "8" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

FIFTH:     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "9" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court except admit that defendant, HTC AMERICA, INC., is a corporation organized under the law of the State of Washington.

2

**SIXTH:**      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "11" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court except admit that defendant, HTC AMERICA INNOVATION, INC., is a corporation organized under the law of the State of Washington.

**SEVENTH:**   Deny each and every allegation contained in paragraph numbered "15" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

### AS TO THE COMPLAINT

**EIGHTH:**    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "16", "17", "18", "19", "22", "24", "25" and "26" of the complaint herein.

**NINTH:**     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "20", "21", "23", "27" and "28" of the complaint herein, and refer all questions of fact and issues of law to this Honorable Court.

TENTH:       Deny each and every allegation contained in paragraph numbered "29" of the complaint herein.

## AS TO THE FIRST COUNT OF THE COMPLAINT
### (Strict Product Liability

ELEVENTH:    Repeat, reiterate and reallege each and every response to paragraphs numbered "1" through "29", inclusive, of the complaint, with the same force and effect as though fully set forth herein, in response to paragraph numbered "30" of the complaint.

TWELFTH:     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "31", "32", "33", "35", "36", "37" and "41" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

THIRTEENTH:       Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "34" of the complaint herein.

4

FOURTEENTH:      Deny each and every allegation contained in paragraphs numbered "38", "39", "40", "42", "43", "44", "45" and "46" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

### AS TO THE SECOND COUNT OF THE COMPLAINT
### (Negligence)

FIFTEENTH:   Repeat, reiterate and reallege each and every response to paragraphs numbered "1" through "46", inclusive, of the complaint, with the same force and effect as though fully set forth herein, in response to paragraph numbered "47" of the complaint.

SIXTEENTH:   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "48" and "49" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

SEVENTEENTH:      Deny each and every allegation contained in paragraphs numbered "50", "51", "52" and "53" of the complaint herein and refer all questions of fact and issues of law to this Honorable Court.

## AS TO THE THIRD COUNT OF THE COMPLAINT
### (Breach of Implied Warranty)

EIGHTEENTH:        Repeat, reiterate and reallege each and every response to

paragraphs numbered "1" through "53", inclusive, of the complaint, with the same force

and effect as though fully set forth herein, in response to paragraph numbered "54" of

the complaint.

NINETEENTH:        Deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraphs numbered "55" and "56" of the

complaint herein and refer all questions of fact and issues of law to this Honorable

Court.

TWENTIETH:        Deny each and every allegation contained in paragraphs

numbered "57", "58", "59" and "60" of the complaint herein and refer all questions of

fact and issues of law to this Honorable Court.

## AS AND FOR A FIRST SEPARATE,
### AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-FIRST:        That if the plaintiff sustained any damages and/or injuries as

alleged, such damages and/or injuries were caused by plaintiff's own fault and

negligence and/or culpable conduct, wholly or partially.

**6**

That any damages and/or injuries to which plaintiff may become entitled should be diminished in the same proportion, as plaintiff's own negligent and/or culpable conduct bears to the total negligent and/or culpable conduct responsible for the damages and/or injuries sustained.

## AS AND FOR A SECOND SEPARATE,
## AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-SECOND:   That upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom these answering defendants exercised no direction, control or supervision.

## AS AND FOR A THIRD SEPARATE,
## AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-THIRD:       That the complaint herein fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FOURTH SEPARATE,
## AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-FOURTH:   Upon information and belief, the product which forms the subject of this litigation was misused by the plaintiff and/or by others over whom these answering defendants exercised neither direction nor control.

## AS AND FOR A FIFTH SEPARATE,
## AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-FIFTH:      Upon information and belief, if it is found that any product

distributed, manufactured, sold and/or maintained by these answering defendants is

involved in this litigation, such product underwent substantial alterations after said

product left the possession and control of these answering defendants.

## AS AND FOR A SIXTH SEPARATE,
## AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-SIXTH:      That any and all damages and/or losses sustained by plaintiff

were proximately caused by the intervening act and/or omission of a third-party over

whom these answering defendants had no direction, control or supervision and not by

any act and/or omission of these answering defendants.

## AS AND FOR A SEVENTH SEPARATE,
## AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-SEVENTH:      That the liability, if any, of HTC AMERICA HOLDING,

INC., HTC AMERICA, INC. and HTC AMERICA INNOVATION, INC., is limited pursuant to

the provisions of Article 16 of the Civil Practice Law and Rules.

8

## AS AND FOR AN EIGHTH SEPARATE,
## AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-EIGHTH:    That some or all of plaintiff's alleged economic losses were or will be

replaced or indemnified from collateral sources and, therefore, any award for economic

loss should be reduced thereby pursuant to CPLR § 4545.

WHEREFORE, these defendants demand judgment against the plaintiff dismissing

the complaint herein, together with costs and disbursements of this action and for such

other and further relief as this Court may deem just, proper and equitable.

Dated:  White Plains, New York
        December 16, 2011

Yours, etc.,


Thomas F. Cerussi
CERUSSI & SPRING
Attorneys for Defendants
HTC AMERICA HOLDING, INC. incorrectly s/h/a
HTC AMERICA HOLDING INC., HTC AMERICA,
INC. and HTC AMERICA INNOVATION, INC.
One North Lexington Avenue
White Plains, New York  10601-1700
Tel. No. (914) 948-1200


TO:    ERLANGER LAW FIRM PLLC
       Attorneys for Plaintiff
       122 East 42nd Street, Suite 518
       New York, New York  10168
       Tel. No. (212) 686-8045

HAWORTH COLEMAN & GERSTMAN, LLC
Attorneys for Defendants
SPRINT NEXTEL CORPORATION and
NEXTEL OF NEW YORK, INC.
45 Broadway, 21st Floor
New York, New York  10006
Tel. No. (212) 952-1100

## VERIFICATION

STATE OF WASHINGTON )
                           ) s.s.:
COUNTY OF KING )

The undersigned, K. E. Love, being duly sworn, deposes and says that: I am Senior Counsel for the defendant, HTC AMERICA, INC., herein and make this Verification on behalf of defendants, HTC AMERICA HOLDING, INC. incorrectly s/h/a HTC AMERICA HOLDING INC., HTC AMERICA, INC. and HTC AMERICA INNOVATION, INC. I have read the foregoing Verified Answer to Plaintiff's Complaint, and know the contents thereof; that the same are true to the best of this deponent's own knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

K.E. LOVE

Sworn to before me this
16th day of December, 2011

Notary Public

K. PRIEST
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES
05-09-14

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK          )
                           )   ss.:
COUNTY OF WESTCHESTER      )

ELIZABETH FIGUEROA, being duly sworn, deposes and says that he/she is employed by Cerussi & Spring, attorneys for defendant, HTC AMERICA HOLDING, INC. incorrectly s/h/a HTC AMERICA HOLDING INC., HTC AMERICA, INC. and HTC AMERICA INNOVATION, INC., herein, is not a party to this action, is over 18 years of age, and resides in Mahopac, New York.  That on the 16th day of December, 2011, I served the within:

### VERIFIED ANSWER

by mailing a copy of same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to:

ERLANGER LAW FIRM PLLC
Attorneys for Plaintiff
122 East 42nd Street, Suite 518
New York, New York  10168
Tel. No. (212) 686-8045

HAWORTH COLEMAN & GERSTMAN, LLC
Attorneys for Defendants
SPRINT NEXTEL CORPORATION and
NEXTEL OF NEW YORK, INC.
45 Broadway, 21st Floor
New York, New York  10006
Tel. No. (212) 952-1100

_____
ELIZABETH FIGUEROA

Sworn to before me on this
16th day of December, 2011

_____
Notary Public

THOMAS FRANCIS CERUSSI
Notary Public, State of New York
No. 02CE4971320
Qualified in Westchester County
Commission Expires August 27, 20___

Index No.: 150446                    Year 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARIA I. ROMAN,

                        Plaintiff,

            -against-

SPRINT NEXTEL CORPORATION, ET AL.,

                    Defendants.

## VERIFIED ANSWER

## CERUSSI & SPRING

*Attorneys for Defendants – HTC AMERICA HOLDING, INC. incorrectly s/h/a HTC AMERICA HOLDING INC., HTC AMERICA, INC. and HTC AMERICA INNOVATION, INC.*

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
TEL. NO. (914) 948-1200

## PLEASE TAKE NOTICE

☐
NOTICE OF
ENTRY
that the within is a (certified) true copy of a [      ] entered in the office of the clerk of          [      ]
the within named Court on [      ]

☐
NOTICE OF
SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon. [      ], one of the
judges of the within named Court,
at [      ].
on [      ]                              [      ],    At [      ]    [      ] M.

Dated: [      ]

## CERUSSI & SPRING

*Attorneys for Defendants – HTC AMERICA HOLDING,
INC. incorrectly s/h/a HTC AMERICA HOLDING INC., HTC
AMERICA, INC. and HTC AMERICA INNOVATION, INC.*

To: [      ]

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
TEL. NO. (914) 948-1200

Attorney(s) for [      ]

Index No.: 150446                          Year 2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARIA I. ROMAN,

                      Plaintiff,

              -against-

SPRINT NEXTEL CORPORATION, ET AL.,

                   Defendants.

## CIVIL COVER SHEET AND NOTICE OF REMOVAL, TOGETHER WITH EXHIBITS

# CERUSSI & SPRING

*Attorneys for Defendants – HTC AMERICA HOLDING, INC. incorrectly s/h/a HTC AMERICA HOLDING INC., HTC AMERICA, INC. and HTC AMERICA INNOVATION, INC.*

**ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
TEL. NO. (914) 948-1200**

## PLEASE TAKE NOTICE

☐     *that the within is a (certified) true copy of a [    ] entered in the office of the clerk of      [    ]*
NOTICE OF    *the within named Court on [    ]*
ENTRY

☐     *that an Order of which the within is a true copy will be presented for settlement to the Hon. [    ], one of the*
NOTICE OF    *judges of the within named Court,*
SETTLEMENT  *at [    ].*
             *on [    ]*                   *[    ],    At [    ]    [    ] M.*

*Dated: [    ]*

# CERUSSI & SPRING

*Attorneys for Defendants – HTC AMERICA HOLDING, INC. incorrectly s/h/a HTC AMERICA HOLDING INC., HTC AMERICA, INC. and HTC AMERICA INNOVATION, INC.*

To: [    ]

Attorney(s) for [    ]

**ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
TEL. NO. (914) 948-1200**